UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS MARTINEZ and JOSE R. RUIZ, individually and on behalf of all other persons similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>E&D ULTIMATE CAR WASH AND DETAIL CE d/b/a MAJESTIC AUTO SPA, DIANA LONG and ED LONG, Jointly and Severally,<br><br>                    Defendants. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1.      Plaintiffs Luis Martinez and Jose R. Ruiz ("Named Plaintiffs") worked as car wash attendants and car detailers for Defendants E&D Ultimate Car Wash And Detail Ce d/b/a Majestic Auto Spa ("Majestic Auto Spa"), Diana Long and Ed Long (collectively "Defendants") for various time periods from 2012[1] to August 13, 2020 and from June 2014 to June 7, 2020, respectively.

2.      Named Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of Defendants, under Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay for all hours worked, (iv) failing to pay spread-of-hours pay, (v) making unlawful deductions; (vi) failing to reimburse costs of uniforms and pay the additional required weekly amount for uniform laundering and maintenance; (vii) failing to provide the Notice and

_____

[1] All date ranges, times and rate of pay in the Complaint are based on Named Plaintiffs' memory and good faith, best estimates.

Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (viii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3.      Named Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, and (iii) failing to pay for all hours worked.

<u>JURISDICTION AND VENUE</u>

4.      This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Named Plaintiffs' state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

5.      Venue is proper in this district under 28 U.S.C. §§1391(b)(1) and (2): a substantial part of the events giving rise to the action occurred in this District; and Majestic Auto Spa is a resident of this District.

6.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

7.      Named Plaintiffs were and are, at all relevant times, adult individuals residing in Nassau County, New York.

8.      Majestic Auto Spa is a domestic limited liability company, organized and existing under the laws of the State of New York with its principal place of business at 1250 West Broadway, Hewlett, Nassau County, New York.

9.      Majestic Auto Spa is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Majestic Auto Spa is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include detergents, car wax and car vacuum cleaners.

10.     Defendant Diana Long, upon information and belief, owns, operates and controls Majestic Auto Spa's day-to-day operations and management and jointly employed Named Plaintiffs and other similarly situated employees at all relevant times.

11.     Defendant Ed Long, upon information and belief, owns, operates and controls Majestic Auto Spa's day-to-day operations and management and jointly employed Named Plaintiffs and other similarly situated employees at all relevant times.

12.     Each Defendant, either directly or indirectly, has hired and fired Named Plaintiffs and other employees, controlled their work schedule and employment conditions, and determined their payment rate and method.

STATEMENT OF FACTS

13.     Majestic Auto Spa is a car wash located at 1250 West Broadway, Hewlett, Nassau County, New York. Majestic Auto Spa provides car washing and detailing services.

14.     Majestic Auto Spa is open seven days a week. Its usual hours of operation are from 8:00 a.m. to 6:00 p.m. from Monday to Saturday and 8:00 a.m. to 5:00 p.m. on Sundays. However, during busy periods and holidays, the car wash opens as early as 6:00 a.m. and closes as late as 8:00 p.m.

15.     Upon information and belief, Defendants Ed Long and Diana Long ("Defendants Long") are husband and wife and are both owners and principals of Majestic Auto Spa. Additionally, Defendants Long work as managers and supervisors at the car wash.

16.     Defendants Long are regularly at the car wash, interacting with customers and employees; they instruct employees what to do; they have the authority to hire and fire employees, change employees' pay and employee's schedules; and they are required by law to keep records regarding their employees' hours worked and compensation.

Periods of Employment and Duties Performed[2]

17.     Defendants employed Plaintiff Martinez as a car wash attendant and car detailer from 2012 to August 13, 2020.

18.     Defendants employed Plaintiff Ruiz as a car wash attendant and car detailer from June 2014 to June 7, 2020, with some breaks in employment: he worked for

---

[2] These subject lines are included only for organizational purposes.

Defendants from June 2014 to October 2015; from February 2016 to September 2017; and from January 2018 to June 7, 2020.

19.     Defendants were closed from mid-March to mid-April 2020 during the Covid-19 pandemic and quarantine, accordingly, Named Plaintiffs generally did not work during that time.

20.     As car wash attendants and car detailers, Named Plaintiffs were responsible for shampooing, washing, drying, waxing, polishing, vacuuming and detailing the cars.

21.     During their employment with Defendants, Named Plaintiffs worked with at 7 other car wash attendants and car detailers at any given time. From personally observing and speaking with them, Named Plaintiffs know that their coworkers performed the same primary duties as them, worked the same hours and were compensated in the same manner by Defendants.

22.     Based on the turnover rate they witnessed, Named Plaintiffs estimate that Defendants employed at least 40 workers in the past six years.

23.     During any given time, Defendants had at least 10 employees.

Days and Hours Worked

24.     During his employment, Plaintiff Martinez generally worked 6 days per week. However, during the weeks containing national or religious holidays, he worked 7 days and during the weeks when it rained, he usually worked 5 days.

25.     During his employment, Plaintiff Ruiz generally worked 6 or 7 days per week. However, during the weeks that it rained, he usually worked 5 days.

26.     During Named Plaintiffs' employment, other similarly situated employees also generally worked 6 to 7 days a week, with the exception of weeks when it rained.

27.     From mid-April 2020 to May 11, 2020, during Covid-19 restricted business hours, Named Plaintiffs and other similarly situated employees, worked an irregular schedule, working between 4 to 6 days per week.

28.     Monday through Saturday, Named Plaintiffs and other similarly situated employees generally worked for Defendants from 8:00 a.m. to 6:00 p.m., without a 30-minute lunch break, working at least 10 hours a day.

29.     On Sundays, Named Plaintiffs and other similarly situated employees generally worked for Defendants from 8:00 a.m. until 5:00 p.m., without a 30-minute lunch break, working at least 9 hours day.

30.     During busy seasons and some religious holidays, including Passover, Named Plaintiffs and other similarly situated employees started work as early as 6:00 a.m. and finished as late as 8:00 p.m., without a 30-minute lunch break, working 14 hours a day.

31.     When Named Plaintiffs and other similarly situated employees worked for Defendants, they were not given any uninterrupted meal breaks. Instead, they were only allowed to eat their meals on their feet in between performing their regular duties, if at all.

32.     During their employment with Defendants, Named Plaintiffs regularly worked over 40 hours in any given week.

33.     When working 5 days per week, Named Plaintiffs worked a minimum of 49 hours.

34.     When working 6 days per week, Named Plaintiffs worked a minimum of 59 hours.

35.     When working 7 days per week, Named Plaintiffs worked a minimum of 69 hours.

36.     From speaking with their coworkers and personal observations, Named Plaintiffs know that other car wash attendants and car detailers were, like them, regularly scheduled to work and did, in fact, work more than 40 hours in a week.

Hourly Rate of Pay

37.     From 2012 to 2013, Defendants paid Plaintiff Martinez $7.15 per hour.

38.     From 2013 to 2017, Defendants paid Plaintiff Martinez $7.50 per hour.

39.     In 2018, Defendants paid Plaintiff Martinez $8.75 per hour.

40.     In 2019, Defendants paid Plaintiff Martinez $9.15 per hour.

41.     From January 2020 to July 2020, Defendants paid Plaintiff Martinez $9.80 per hour.

42.     From July 2020 to August 13, 2020, Defendants paid Plaintiff Martinez $10.20 per hour.

43.     From June 2014 to October 2015, Defendants paid Plaintiff Ruiz $6.00 per hour.

44.     From February 2016 to September 2017, Defendants paid Plaintiff Ruiz $8.00 per hour.

45.     In 2018, Defendants paid Plaintiff Ruiz $8.75 per hour.

46.     In 2019, Defendants paid Plaintiff Ruiz $12.25 per hour.

47.     From January 2020 to June 7, 2020, Defendants paid Plaintiff Ruiz $12.50 per hour.

Fabricated Paystubs, Unpaid Hours and Unlawful Deductions and

48.     Defendants had no policy or practice in place for Named Plaintiffs to clock-in or -out. However, on days when a manager was working, he or she wrote down the times they allegedly arrived and left work.

49.     During their employment, Defendants paid Named Plaintiffs part of their wages in cash and part by check.

50.     Despite working over 40 hours in any given week, Named Plaintiffs' checks showed that they allegedly worked only part-time, between 14 to 30 hours per week. Additionally, the paystubs contained inaccurate pay rates, which were much higher than what Named Plaintiffs were actually paid.

51.     Named Plaintiffs periodically noticed that Defendants failed to pay them anywhere from 15 minutes to two to three hours of their weekly hours worked.

52.     When Named Plaintiffs complained about the missing pay, Defendants sometimes paid them for some but not all the missing hours.

53.     As a general policy and practice, Defendants regularly deducted arbitrary percentages from Named Plaintiffs' cash wages.

54.     When Named Plaintiffs complained about the deductions from their wages, Defendants said that they were deducting "taxes" for payroll, however refused to provide them with any documentation for these deductions.

55.    Upon information and belief, Defendants kept the deducted "taxes" for their own benefit and did not remit them to the Internal Revenue Service ("IRS") on behalf of Named Plaintiffs.

56.    Upon information and belief, Defendants unlawfully deducted and stole part of Named Plaintiffs' wages by failing to pay them for all the hours worked and through alleged "taxe deductions."

<u>Minimum Wage, Overtime and Spread-of-hours Violations</u>

57.    During their employment, Defendants paid Named Plaintiffs below the applicable state minimum wage requirements and, in some years of their employment, below the federal minimum wage requirements.

| Year | Plaintiff Martiniff's Wage Rates | Plaintiff Ruiz's Wage Rates | FLSA Min. Wage[3] | Labor Law Min. Wage for Nassau County[4] |
|------|------|------|------|------|
| 2013 | $7.15 | N/A | $7.25 | $7.25 |
| 2014 | $7.50 | $6.00 | $7.25 | $8.00 |
| 2015 | $7.50 | $6.00 | $7.25 | $8.75 |
| 2016 | $7.50 | $8.00 | $7.25 | $9.00 |
| 2017 | $7.50 | $8.00 | $7.25 | $10.00 |
| 2018 | $8.75 | $8.75 | $7.25 | $11.00 |
| 2019 | $9.15 | $12.25 | $7.25 | $12.00 |
| Jan. 2020 – Jul. 2020 | $9.80 | $12.50 | $7.25 | $13.00 |
| Jul.2020 - Aug.2020 | $10.20 | N/A | $7.25 | $13.00 |

58.    By unlawfully deducting hours and alleged "taxes" from Named Plaintiffs' wages, Defendants further reduced their effective hourly rates below the state and federal minimum wage requirements.

[3] http://www.dol.gov/whd/minwage/coverage.htm (last visited August 11, 2020).
[4] https://www.labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm (last August 10, 2020).

59.     Although Named Plaintiffs regularly worked more than 40 hours per week, Defendants did not pay them overtime premium pay: 1.5 times their regular hourly rate.

60.     For days that Named Plaintiffs worked more than 10 hours in a day, Defendants did not pay them spread-of-hours pay: an extra hour at the minimum wage.

Uniform Violations

61.     Defendants required Named Plaintiffs and their coworkers to wear uniforms during their employment, including a shirt with the car wash's logo and dark pants and shoes.

62.     During their employment, Defendants provided Named Plaintiffs with the shirts at no cost, but they had to purchase uniform pants and shoes for their work two to three times a year, spending between $40 to $50 each time.

63.     Defendants failed to reimburse Named Plaintiffs and the similarly situated employees for the cost of the uniforms pants and shoes.

64.     Defendants failed to pay Named Plaintiffs and the similarly situated employees an allowance for the care, maintenance and cleaning of their uniforms, which Defendants required them to wear during their employment.

65.     As a result of not reimbursing or compensating them for their uniform expenses and maintenance, Defendants effectively further reduced Plaintiffs' wages below the statutory minimum wage.

66.     From speaking with them, Named Plaintiffs know that other car wash attendants and car detailers, like them, were paid below the statutory minimum wage, were not paid for all hours worked, were not paid overtime premium pay, were not paid

spread-of-hours pay, had deductions from their compensation as stolen hours or alleged "taxes," and were not reimbursed or paid a maintenance allowance for their uniforms.

Labor Law Notice and Wage Statement Violations

67.     Defendants failed to provide Named Plaintiffs and other similarly situated employees with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

68.     Likewise, Defendants did not provide Named Plaintiffs or the other similarly situated employees with an accurate wage statement under N.Y. Lab. Law § 195.3 with any wage payment.

69.     Defendants did not post at the car wash a poster advising Named Plaintiffs and other employees of their right to a minimum wage and overtime premium pay.

## CLASS ACTION ALLEGATIONS

70.     Named Plaintiffs assert these allegations and claims on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were car wash attendants, car detailers and other comparable positions with different titles, at any time since August 31, 2014 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law (the "Class Members").

71.     The Class Members identified above are so numerous that joinder of all Members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 20 Class Members exist.

72.     Named Plaintiffs' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

73.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

74.     Named Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

75.     Named Plaintiffs have the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

76.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a.      whether Defendants employed Named Plaintiffs and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.      whether Defendants failed to keep true and accurate time records for all hours worked by Named Plaintiffs and the Class Members;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants failed or refused to pay the Class Members minimum wages, overtime premium pay for all hours worked in excess of 40 hours per workweek, and spread-of-hours pay;

e.      whether Defendants made unlawful deductions from the Class Members' wages;

f.      whether Defendants failed to reimburse Class Members for uniform expenses and maintenance;

g.      whether Defendants failed to provide the Class Members with wage notices and wages statements under Labor Law §§ 195.1 and 195.3;

h.      whether Defendants withheld tips and/or gratuities within the meaning of the Labor Law, violating Labor Law § 196-d;

i.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Named Plaintiffs and the Class Members are employed;

j.      whether the individual Defendants participated in the day-to-day management of the car wash and are "joint employers" and liable to Named Plaintiffs and the Class Members;

k.      whether Defendants are liable for all damages claimed hereunder, including interest, costs and disbursements and attorneys' fees; and

l.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

77.      Under 29 U.S.C. § 206, Named Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were car wash attendants, car detailers and other comparable positions with different titles, at any time since August 31, 2017 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt

employees within the meaning of the FLSA (the "Collective Action Members").

78.     Named Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.     whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.     whether the Collective Action Members performed similar duties;

c.     whether Defendants failed to keep true and accurate time records for all hours Named Plaintiffs and the Collective Action Members worked;

d.     what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e.     whether Defendants willfully or recklessly violated the FLSA;

f.     whether Defendants failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of 40 hours per workweek, violating the FLSA and the regulations promulgated thereunder;

g.     whether Defendants should be enjoined from such violations of the FLSA in the future; and

h.     whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

<u>FIRST CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE FLSA
(On Behalf of Named Plaintiffs and the Collective Action Members)

79.     Named Plaintiffs reallege every allegation of the preceding paragraphs as if set forth fully herein.

80.     Named Plaintiffs consent in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

81.     Defendants employed, and/or continue to employ, Named Plaintiffs and the Collective Action Members within the meaning of the FLSA.

82.     Defendants were required to pay Named Plaintiffs and the Collective Action Members the applicable federal minimum wage rate for all hours worked.

83.     During certain years of their employment, Defendants knowingly failed to pay Named Plaintiffs and the Collective Action Members the minimum wages to which they were entitled under the FLSA for all hours worked.

84.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

85.     As a result of Defendants' FLSA violations, Named Plaintiffs and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY
UNDER THE FLSA
(On Behalf of Named Plaintiffs and the Collective Action Members)

86.     Named Plaintiffs reallege every allegation of the preceding paragraphs as if set forth fully herein.

87.     Defendants were required to pay Named Plaintiffs and the Collective Action Members no less than 1.5 times the regular rate at which they were paid for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

88.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

89.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

90.     Defendants have not made a good faith effort to comply with the FLSA with respect to Named Plaintiffs and the Collective Action Members' compensation.

91.     Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

92.     In failing to compensate Named Plaintiffs and the Collective Action Members for all compensable hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

THIRD CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

93.     Named Plaintiffs repeat and reallege every allegation of the preceding paragraphs as if set forth fully herein.

94.     Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor regulations and employed Named Plaintiffs and the Class Members.

95.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor regulations apply to Defendants and protect Named Plaintiffs and the Class Members.

96.     Under the Labor Law and supporting New York State Department of Labor regulations, Defendants were required to pay Named Plaintiffs and the Class Members the statutory minimum wage.

97.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

98.     Defendants failed to furnish Named Plaintiffs and the Class Members a statement with every wage payment listing the correct hours worked, rates paid, allowances taken, gross wages, violating the Labor Law and supporting New York State Department of Labor regulations. 12 N.Y.C.R.R. § 137-2.2, *et seq.*

99.     Defendants failed to pay the Class Members the statutory minimum wage for each hour worked, making them liable for those hours at the statutory minimum wage.

100.    Defendants are accordingly liable to Named Plaintiffs and the Class Action Members for the unpaid hourly minimum wage for all the hours worked.

101.    Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the minimum wage.

102.    Due to Defendants' Labor Law violations, Named Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

FOURTH CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

103.    Named Plaintiffs reallege every allegation of the preceding paragraphs as if set forth fully herein.

104.    Under the Labor Law and supporting New York State Department of Labor regulations, Defendants were required to pay Named Plaintiffs and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

105.    Defendants failed to pay her the overtime wages to which she was entitled, violating N.Y. Lab Law § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

106.    In failing to compensate Named Plaintiffs and the Class Members for all compensable hours worked, Defendants violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 142-2.2.

107.     Due to Defendants' Labor Law violations, Named Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>FIFTH CAUSE OF ACTION</u>
FAILURE TO PAY SPREAD-OF-HOURS PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

108.     Named Plaintiffs reallege every allegation of the preceding paragraphs as if set forth fully herein.

109.     Defendants failed to pay Named Plaintiffs and the Class Members additional compensation for one hour's pay at the basic minimum hourly wage for each day during which they worked more than 10 hours (i.e., "spread-of-hours pay"), violating 12 N.Y.C.R.R. § 142-2.4

110.     By failing to pay Named Plaintiffs and the Class Members spread-of-hours pay, Defendants have willfully violated the New York Lab. Law Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations.

111.     Due to Defendants' Labor Law violations, Named Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>SIXTH CAUSE OF ACTION</u>
UNLAWFUL DEDUCTIONS
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

112.    Named Plaintiffs reallege every allegation of the preceding paragraphs as if set forth fully herein.

113.    The unpaid wages at issue in this claim are "wages" under N.Y. Lab. Law § 190(1).

114.    N.Y. Lab. Law § 193 prohibits deductions from wages that are not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency and are not expressly authorized in writing by the employees and are not for the benefit of the employee.

115.    N.Y. Lab. Law § 198-B(2) prohibits persons from, inter alia, requesting, demanding, or receiving, either before or after such employee is engaged, a return, donation, or contribution of any part or all of said employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

116.    Defendants violated the Labor Law in deducting from Named Plaintiffs and the Class Members' wages for certain hours worked and for alleged "taxes," which were not remitted to the IRS on their behalf.

117.    Due to Defendants' violations of the Labor Law, Named Plaintiffs and the Class Members are entitled to recover from them the unlawfully deducted wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. Lab. Law § 633(1).

<u>SEVENTH CAUSE OF ACTION</u>
UNIFORM VIOLATIONS AND FAILURE TO PAY MAINTENANCE PAY
UNDER THE NEW YORK LABOR LAW
(Brought on Behalf of Named Plaintiffs and Class Action Members)

118.    Named Plaintiffs reallege every allegation of the preceding paragraphs as if set forth fully herein.

119.    Defendants failed to pay Named Plaintiffs and the Class Members the full amount of their wages as a result of deductions for uniform-related expenses, violating Labor Law Article 6 § 193 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 137-2.5.

120.    Defendants required Named Plaintiffs and the Class Members to purchase and wear a specific uniform while working.

121.    Defendants failed to reimburse Named Plaintiffs and the Class Members for the cost of the uniforms, violating 12 N.Y.C.R.R. § 137-1.8.

122.    Additionally, Defendants failed to launder or maintain the uniforms that they required Named Plaintiffs and the Class Members to wear and failed to pay them the required weekly amount for such laundering and maintenance.

123.    Due to Defendants' violations of the Labor Law, Plaintiff and the Class Members are entitled to recover from Defendants their costs for purchasing the uniforms, unpaid uniform related expenses, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

EIGHTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

124.    Named Plaintiffs reallege every allegation of the preceding paragraphs as if set forth fully herein.

125.    Defendants have willfully failed to supply Named Plaintiffs and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within ten business days of their first employment date.

126.    Due to Defendants' violations of Labor Law § 195.1, Named Plaintiffs and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

NINTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

127.    Named Plaintiffs reallege every allegation of the preceding paragraphs as if set forth fully herein.

128.    Defendants have willfully failed to supply Named Plaintiffs and the Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

129.    Due to Defendants' violations of N.Y. Lab Law § 195.3, Named Plaintiffs and the Class Members are entitled to recover from Defendants $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00,

reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Named Plaintiffs, on behalf of themselves and the Class and Collective Action Members, respectfully request this Court grant the following relief:

a.    Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Named Plaintiffs and their counsel to represent the Class Members;

b.    Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all Putative Collective Action Members , apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Named Plaintiffs and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.    An award for unpaid minimum wage under the Labor Law and the FLSA;

        f.      An award for unpaid overtime premium pay under the Labor Law and the FLSA;

        g.      An award for unpaid spread-of-hours pay under the Labor Law;

        h.      An awarded for unlawful deductions under the Labor Law;

        i.      An award for reimbursement of uniform-related expenses, business-related expenses and for unlawful deductions under the Labor Law;

        j.      An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

        k.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

        l.      An award of liquidated damages as a result of Defendants' Labor Law violations;

        m.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

        a.      Equitably tolling the statute of limitations under the FLSA;

        b.      An award of pre-judgment and post-judgment interest;

        c.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

        d.      Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Named Plaintiffs demand a trial by jury on all

questions of fact the Complaint raises.

Dated:  New York, New York
        September 1, 2020

                         LIPSKY LOWE LLP


                         s/ Douglas B. Lipsky
                         Douglas B. Lipsky
                         Milana Dostanitch
                         420 Lexington Avenue, Suite 1830
                         New York, New York 10170-1830
                         212.392.4772
                         doug@lipskylowe.com
                         milana@lipskylowe.com